*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

SANTWAN REESE,

        Plaintiff-Appellee,

v

JALEN CHRISTOPHER JAMES, HOUSEHOLD
OF FAITH CHURCH, HOUSEHOLD OF FAITH,
INC., and PROGRESSIVE MARATHON
INSURANCE COMPANY,

        Defendants,

and

THE HOUSEHOLD OF FAITH WHICH IS THE
CHURCH OF THE LIVING GOD THE PILLAR
AND GROUND OF THE TRUTH, INC., also
known as, THE HOUSEHOLD OF FAITH WHICH
IS THE CHURCH OF THE LIVING GOD THE
PILLAR AND GROUND OF THE TRUTH,

        Defendant-Appellant.

FOR PUBLICATION
September 28, 2023

No.   362140
Wayne Circuit Court
LC No.   20-006573-NI

SANTWAN REESE,

        Plaintiff-Appellee,

v

JALEN CHRISTOPHER JAMES, PROGRESSIVE
MARATHON INSURANCE COMPANY, and THE
HOUSEHOLD OF FAITH WHICH IS THE
CHURCH OF THE LIVING GOD THE PILLAR
AND GROUND OF THE TRUTH, INC., also
known as, THE HOUSEHOLD OF FAITH WHICH

No.   362151
Wayne Circuit Court
LC No.   20-006573-NI

-1-

IS THE CHURCH OF THE LIVING GOD THE
PILLAR AND GROUND OF THE TRUTH,

Defendants,
and

HOUSEHOLD OF FAITH CHURCH and
HOUSEHOLD OF FAITH, INC.,

Defendants-Appellants.

_____

Before:  SHAPIRO, P.J., and M. J. KELLY and CAMERON, JJ.

SHAPIRO, P.J. (*concurring*).

I concur.  As the majority makes clear, plaintiff testified that it was his belief, based on his direct observation, that defendant Jalen James was intentionally attempting to run him over.  If this was not sufficiently clear from the initial impact, plaintiff testified that, after the initial impact, James put the van in reverse and attempted to back up to strike plaintiff a second time.  By contrast, James testified that it was not his intent to hit plaintiff.

If this testimony was the extent of the evidence, I would conclude that there was a material question of fact for the jury.  But this was not the extent of the evidence.  James had already pleaded guilty to assault with intent to do great bodily harm, MCL 750.84(1)(a), and during his plea, while under oath, he admitted that he intended to hit plaintiff.  Given that binding admission, I agree that there is no question of material fact and that the trial court erred by denying summary disposition to defendant owner.

/s/ Douglas B. Shapiro